1  D. GILL SPERLEIN (SBN 172887)
2  THE LAW OFFICE OF D. GILL SPERLEIN
   345 Grove Street
3  San Francisco, California 94102
4  Telephone: (415) 404-6615
   Facsimile: (415) 404-6616
5  gill@sperleinlaw.com
6
7  Attorney for Plaintiff,
   CELESTIAL, INC.
8
9
10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12
   CELESTIAL, INC.,                    ) **CASE NO.:** CV12-00136 RGK (AGRx)
13                                      )
       Plaintiff,                       ) **COMPLAINT:**
14                                      )
              vs.                       )
15                                      )   (1) **COPYRIGHT**
16  SWARM SHARING HASH                  )       **INFRINGEMENT;**
   8AB508AB0F9EF8B4CDB14C6248           )
17  F3C96C65BEB882 ON                   )   (2) **CONTRIBUTORY COPYRIGHT**
18  **DECEMBER 13, 2011** and DOES 1    )       **INFRINGEMENT; and**
   through 3,                           )
19                                      )
20     Defendants.                      )   (3) **NEGLIGENCE**
                                        )
21                                      )
22                                      ) **JURY TRIAL DEMANDED**
                                        )
23
24
25                    **JURISDICTION**
26     1.     This Court has subject matter jurisdiction over Plaintiff's claims for
27  copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§
28  1331 and 1338(a).

                              -1-

                                              COMPLAINT

2.     Plaintiff is informed and believes and based thereon alleges that Defendants reside in, solicit, transact, or are doing business within the jurisdiction; they have committed unlawful and intentional tortuous acts both within and outside the jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction.  As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

3.     Geo locating tools have placed within the State of California the IP addresses from which each Defendant accessed the Internet to engage in the infringing actions alleged herein.[1]

4.     The audiovisual file that each of the Defendants reproduced and distributed clearly indicates displays the title of the work, the name of the producer, and the Woodland Hills, California address of the producer.  As the Defendants engaged in an intentional tort (copyright infringement) against a California company, and the infringed material clearly identified the name and California address of Plaintiff identifying it as the producer of the movie, the Defendants knew or should have known that infringement upon the copyright would cause harm and damage to Plaintiff in California.

---

1 Plaintiff does not make any representations as to the reliability or level of accuracy of IP address geo-location tools.

5.     Plaintiff's claims arise out of the Defendants' conduct that gives rise to personal jurisdiction over Defendants.   By taking the affirmative act of both downloading and uploading an audiovisual file of Plaintiff's movie, Defendants engaged in intentional acts.  As the file contained Plaintiff's business address in this jurisdiction, Defendants knew or should have known (and only could not have known through willful blindness) that the copyright they infringed upon belonged to a resident of this jurisdiction and thus Defendants expressly aimed their tortious acts against a company in this jurisdiction.

6.     The Plaintiff is well-known as being a California company and the entertainment industry is commonly known to be centered in this jurisdiction.  There was clearly foreseeable harm in this jurisdiction, and the Defendants' conduct caused harm that they knew or should have known was likely to be suffered in this forum.

## VENUE

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ and 1400(a).  As this is a copyright infringement action, venue is allowed in any judicial district in which a Defendant resides or may be found.  Defendants reside in this District or are subject to personal jurisdiction in this District for the reasons set forth above and thus may be found in this District.

## INTRODUCTION

8.      This is an action by CELESTIAL, INC., a California corporation, to recover damages arising from infringement of a CELESTIAL, INC. owned motion picture by Defendants and to enjoin Defendants from future infringement.

9.      Defendants without authorization reproduced and distributed CELESTIAL, Inc.'s motion picture.  CELESTIAL has registered the copyright for the motion picture with the United States Copyright Office.  The U.S. Copyright Office assigned the work the registration number PA 1-760-855.

10.     On August 29, 2011, Celestial, Inc. released and published the movie at issue in this action.

11.     Using BitTorrent technology, Defendants acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's motion picture by exchanging pieces of the exact same file of the motion picture (bits) between themselves and other bit torrent users on the same day.

12.     Each time an individual, such as the Defendants in this matter, unlawfully distributes a copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each recipient can then further distribute that unlawful copy to others without degradation in sound or picture quality.  Thus, a Defendant's distribution of even a single unlawful copy of the Motion Picture can result in the

-4-

COMPLAINT

nearly instantaneous worldwide distribution of that copy to a limitless number of people.

13.     By engaging in such illegal distribution of its works, especially within a short time of the release of the work, the Defendants deprive Plaintiff of its exclusive right and ability to sell the work in the market place at its true market value.

14.     Plaintiff seeks redress for the Defendants' infringement of its exclusive rights in its work and for injunctive relief to stop Defendants from continuing to infringe upon Plaintiff's copyrighted work.

## THE PARTIES

### THE PLAINTIFF

15.     CELESTIAL, Inc. is a California corporation with its principal place of business located at 23248 Canzonet Street Woodland Hills CA 91367. CELESTIAL, Inc. produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

### THE DEFENDANTS

16.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants are unknown to Plaintiff, who therefore sues said Defendants by fictitious names.  Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address an Internet service provider assigned to the account

COMPLAINT

the Defendant used to access the Internet for the purposes of engaging in the described infringing activity. The IP address of the account each Defendant used to access the Internet, together with the date and time at which his or her infringing activity was observed is listed herein.

17.     All of the Defendants republished and duplicated the Plaintiff's motion picture. However, they did not only replicate the exact same motion picture, but all of the Defendants republished, duplicated, and replicated the precise same copy and same hash version (8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882). Thus, all Defendants replicated and shared with one another the same precise file and portions thereof in a completely interconnected and concerted effort to deprive Plaintiff of its exclusive rights under the Copyright Act.

18.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent of the other Defendants, acting within the purpose and scope of said agency. Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

19.     Plaintiff believes that information obtained in discovery will lead to the identification of each Defendants' true name and permit Plaintiff to amend this Complaint to state the same. Plaintiff will amend this Complaint to include their proper names and capacities when Plaintiff has determined those names.

-6-

COMPLAINT

20. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants performed, participated in, abetted in some manner, and are responsible for, the acts described in this Complaint and proximately caused the damages resulting there from.

21. Each of the fictitiously named Defendants engaged in their copyright infringement scheme together. They all used the same torrent-sharing website to coordinate their copyright theft; they were members of the same swarm on the same date; they all used the same tracker file; they all shared and republished the same motion picture; and they all shared the precise hash file of the film with each other and other individuals.

22. On December 13, 2011, each Defendant accessed the Internet for the purpose of reproducing and distributing with the remaining defendants and other peers pieces of Plaintiff's motion picture as reproduced in the file identified by the hash ID 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882.

23. On December 13, 2011, starting at least as early as 1:59 am GMT Defendant 1, without authorization, reproduced and distributed Plaintiff's registered motion picture by downloading bits of the digital file identified as Hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 from various bit torrent peers. As Defendant 1 downloaded the pieces of the file from bit torrent peers, he made those pieces available for immediate, as well as, future downloading by other

bit torrent peers including the other Defendant(s).  On December 13, 2011, at 1:59 am GMT, Plaintiff's investigators documented that Defendant 1, as a bit torrent peer, offered Hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 for other bit torrent peers to download and that he or she was connected to the Internet using the ip address 107.3.152.203 at that time.  Plaintiff is informed and believes and based thereon alleges that Defendant continued to make pieces of the file available to other bit torrent peers for *at least* the remainder of the day, thereby making the motion picture or pieces thereof available for Doe Numbers 2 and 3 and other swarm members to download and further distribute.

24.    During the day of December 13, 2011, at least as early as 3:19 am GMT, Defendant DOE 2, without authorization, reproduced and distributed Plaintiff's registered Motion Picture by downloading bits of the digital file identified as Hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 from various bit torrent peers including from Doe 1.  As DOE 2 downloaded the pieces of the file from bit torrent peers including DOE 1, he or she made those pieces available for immediate, as well as, future downloading by other bit torrent peers.  On December 13, 2011,  at 3:19 am GMT, Plaintiff's investigators documented that DOE 2, as a bit torrent peer, offered Hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 for other bit torrent peers to download and that he or she connected to the Internet using the ip address

75.83.80.61 at that time. Plaintiff is informed and believes and based thereon alleges that DOE 2 continued to make pieces of the file available to other bit torrent peers for *at least* the remainder of the day thereby making it available for swarm members including any other defendants in this action, to download and further distribute.

25.     During the day of December 13, 2011, at least as early as 3:42 am GMT, Defendant DOE 3, without authorization, reproduced and distributed Plaintiff's registered Motion Picture by downloading bits of the digital file identified as Hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 from various bit torrent peers including from DOES 1 and 2. As DOE 3 downloaded the pieces of the file from bit torrent peers including DOES 1 and 2, he or she made those pieces available for immediate, as well as, future downloading by other bit torrent peers. On December 13, 2011, at 3:42 am GMT, Plaintiff's investigators documented that DOE 2, as a bit torrent peer, offered Hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 for other bit torrent peers to download and that he or she connected to the Internet using the ip address 68.6.179.14 at that time. Plaintiff is informed and believes and based thereon alleges that DOE 3 continued to make pieces of the file available to other bit torrent peers for *at least* the remainder of the day thereby making it available for swarm

members including any other defendants in this action, to download and further distribute.

26. Other swarm participants acted in an identical fashion, first accessing the Internet to download pieces of file hash 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 from members of the same swarm, including previously described Defendants, and then further distributing those pieces to other members of the swarm both within and outside of this jurisdiction. Plaintiff's investigators documented those swarm members accessing the Internet. Only upon the taking of discovery, can Plaintiff's investigators determine how long each Defendant participated in the swarm prior to and subsequent to the precise time they recorded.

27. Plaintiff intends to subpoena Internet service providers in order to learn the identity of the account holder's for the accounts used by Defendants to access the Internet and engage in the described infringing activity. From there, Plaintiff will further investigate to discover who actually used the subscriber's Internet connection to engage in the infringing activity and for how much time they participated in the swarm.

## FACTS COMMON TO ALL CLAIMS

28. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As

Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy. Defendants' infringement represents one of these manifestations of on-line digital piracy.

29.     BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including motion pictures. Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a group of hosts (or "swarm") to download and upload from each other simultaneously.

30.     First, a user goes to a BitTorrent tracking website. The user cannot download the file from this website, rather the user downloads a pointer file that will keep track of all the other peers that are seeding pieces of the file.

31.     The downloaded file contains a unique hash code known as the SHA-1 hash – a unique identifier generated by a mathematical algorithm developed by the National Security Agency. This hash serves as a roadmap to a BitTorrent program to download all the pieces of a file such as a motion picture or music file.

32.     It is helpful to think of the process of transferring files using BitTorrent technology in the context of a constructed puzzle. In furtherance of sharing this puzzle, it is deconstructed into tiny pieces. These pieces are then uploaded and distributed among one or more peers. Once a peer identifies a file he wants to

download, the Network locates all the peers currently on line and offering for distribution the identical file (cut in the same pieces) as identified by the unique HASH ID.    The technology, in conjunction with software residing on tracking servers, is capable of locating all the unique corresponding pieces that make up the original file.   The software then downloads pieces of the file from various peers, always seeking the pieces that will download the fastest.   Once all the pieces are located and downloaded, the software places the pieces into the original order thereby reconstructing the entire original copyrighted file.

33.    When users possess the same infringing file as identified by the unique hash value (as in this case), it is because each infringer possesses an exact digital copy containing the exact pieces unique to that file.   Returning to the puzzle analogy, other puzzles may be created out of the same motion picture, but those pieces will not fit together with the pieces from another puzzle, even if made from the same motion picture.   Only pieces from the puzzle identified by the unique hash i.d. will fit together.   Thus, the BitTorrent users rely on other users that are working with the same version of the puzzle at the same time.

34.    In this matter each of the Defendants downloaded, uploaded, and distributed        the        precise        same        HASH        file 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 on the same day.

COMPLAINT

35.    The user places the torrent file into a BitTorrent program on their computer, also known as a BitTorrent "client" application.  This program connects uploaders (seeders) of the file (i.e. those that are distributing the content) with downloaders of the file (i.e. those who are copying the content).   During this process, the torrent tracker directs the BitTorrent user's computer to other users who have an exact copy of the file, and then facilitates the download process from those users.

36.    Files obtained by this method are downloaded in hundreds of individual pieces (bits).  In turn, each downloaded piece is immediately available for distribution to other users seeking the same file.   The effect of this technology makes every downloader also an uploader of the content.   This means that every user who has a copy of the infringing material on a torrent network must necessarily also be a source for others to download that material.

37.    The total number of users participating in a swarm at a given time increases the overall speed and efficiency at which all the other swarm members can download the entire file.  Thus, each user relies on the other swarm members for not only specific bits and pieces of the audiovisual file he exchanges to or from specific users, but also he relies on *all* the other swarm members to increase the speed at which he is able to download the file.

38.   The motion picture at issue in this action is easily discernable as a professional work.  It contains opening and closing credits and Plaintiff's copyright notice.

39.   As set forth specifically in the "Parties" section above, Plaintiff has recorded each Defendant herein reproducing and distributing the motion picture by and through the Internet using BitTorrent technology.

## FIRST CLAIM

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Owns a Federally Registered Copyright of the Infringed Movie

40.   Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

41.   At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual work *Moms Pimp Their Daughters Number 3*, which Defendants reproduced and distributed by and through the Internet using BitTorrent technology.

42.   Plaintiff holds a copyright registration certificate from the United States Copyright Office for the motion picture.  The registration certificate number is PA 1-760-855.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

43.   Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered motion picture by and through the Internet using BitTorrent technology.

44.     Defendants knew or should have known that they were not authorized to reproduce or distribute Plaintiff's motion picture.

## SECOND CLAIM
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

45.     Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

46.     Each Defendant has directly engaged in the unauthorized reproduction and distribution of Plaintiff's copyright registered work as set forth above.

47.     Each Defendant materially contributed to the direct infringement of the subsequently named Doe Defendants by providing pieces of Plaintiff's copyright registered work to those Doe Defendants directly and/or by allowing those Doe Defendants to download the infringing copies from other peers more quickly and more efficiently by adding to the overall efficiency of the swarm on the date in question.

48.     Defendants knew they were infringing Plaintiff's copyright and knew the other swarm participates, including the other Doe Defendants, also were infringing Plaintiff's work.

49.     Each of the peers who illegally downloaded the movie derived portions of their illegal replication of the file from multiple peers including the other Defendants.  At the same time, each Defendant offered pieces of the file to help

COMPLAINT

other peers, including the remaining Defendants, replicate and compile new copies of the file.

50.     Each Defendant assisted other members of the swarm, by either exchanging pieces with that user directly or by providing an alternative source for peers thereby making the swarm work more efficiently and increasing the speed in which each other Defendant was able to download the entire audiovisual file.

51.     The Defendants were conscious of their own infringement and of the fact that multiple other persons derivatively downloaded from them the file containing Plaintiff's Motion Picture.

52.     The infringement by other BitTorrent users could not have occurred but for the Defendants' participation and the participation of others.  As such, the Defendants' participation in the infringing activities of others is substantial.

53.     Each Defendant is contributory liable for the infringing acts of the other Defendants.

54.     Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants contribution in the infringement of its copyright registered work including the continuing nearly limitless distribution of the file across the Internet.

## THIRD CLAIM
## NEGLIGENCE

55.     Plaintiff repeats and incorporates by this reference the allegations set forth in previous paragraphs.

56.     Defendants accessed or controlled access to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's Motion Picture as described above.

57.     Plaintiff alternatively alleges that Defendants failed to adequately secure their Internet access, whether accessible only through their computer when physically connected to the Internet, or accessible to many computers by use of a router, and failed to prevent its unlawful use for the purposes alleged herein.

58.     Reasonable Internet users take steps to secure their Internet access accounts to prevent the use of such accounts for nefarious and illegal purposes. As such, Defendants' failure to secure their Internet access accounts, and thereby prevent such illegal uses thereof, constitutes a breach of the ordinary care that reasonable persons exercise in using an Internet access account. In fact, most Internet service providers, including those who provided service for Defendants, generally require in their Terms of Service or Terms of Use that subscribers secure wireless routers with a password.

59.   Upon information and belief, Plaintiff alleges that Defendants' failure to secure their Internet access allowed for the copying and sharing of Plaintiff's Motion Picture on Defendants' respective Internet connections, and interfering with Plaintiff's exclusive rights in the copyrighted work.

60.   By virtue of this unsecured access, Defendants negligently allowed the use of their Internet access accounts to perform the above-described copying and sharing of Plaintiff's copyrighted Motion Picture.

61.   Had Defendants taken reasonable care in securing access to their Internet connections, such infringements as those described above would not have occurred by the use of their Internet access accounts.

62.   Defendants' negligent actions allowed others to unlawfully copy and share Plaintiff's copyrighted Motion Picture, proximately causing financial harm to Plaintiff and unlawfully interfering with Plaintiff's exclusive rights in the motion picture.

## JURY DEMAND

63.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff CELESTIAL, Inc. respectfully requests judgment as follows:

COMPLAINT

(1)    That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2)    That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)    That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)    That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

(5)    That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6)    That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: 12/29/2011

Respectfully submitted,


D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff, CELESTIAL, Inc.

-20-

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 136 RGK (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>CELESTIAL, Inc. | **DEFENDANTS**<br>SWARM SHARING HASH<br>8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON DECEMBER 13,<br>2011 and DOES 1 through 3, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>D. Gill Sperlein (SBN 172887)        gill@sperleinlaw.com<br>The Law Office of D. Gill Sperlein       ph. 415-404-6615<br>345 Grove Street, San Francisco, CA  94102    fx. 415-404-6616 | Attorneys (If Known)<br><br>unknown         COPY |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S.
                     Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship
                     of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original     ☐ 2 Removed from   ☐ 3 Remanded from   ☐ 4 Reinstated or   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-    ☐ 7 Appeal to District
   Proceeding      State Court    Appellate Court   Reopened                          District    Judge from
                                                          Litigation   Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☐ MONEY DEMANDED IN COMPLAINT: $ 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement 17 USC sec 101 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL<br>PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 370 Other Fraud | Vacate Sentence | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 371 Truth in Lending | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 380 Other Personal | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | ☐ 385 Property Damage | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | Product Liability | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | ☐ 422 Appeal 28 USC | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | 158 | FORFEITURE / | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 | PENALTY | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | USC 157 | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & | PROPERTY RIGHTS |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 441 Voting | Drug | ☑ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 442 Employment | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | ☐ 443 Housing/Acco- | Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | mmodations | Property 21 USC | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 444 Welfare | 881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | ☐ 445 American with | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Disabilities - | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | REAL PROPERTY | Injury Product | Employment | ☐ 650 Airline Regs | (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | ☐ 446 American with | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | Disabilities - | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | Other | ☐ 690 Other | FEDERAL TAX SUITS |
| nation Under Equal | ☐ 240 Torts to Land | Application | ☐ 440 Other Civil | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | Rights | | or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| State Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

CV12-00136

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Not Yet Assigned - See Attachment A for Case Names.      12CV00126 DDP(SS)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☑ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County or unknown | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  12/29/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## List of Related Cases by Case Name

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **OCTOBER 27, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **OCTOBER 28, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **NOVEMBER 13, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **NOVEMBER 14, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **NOVEMBER 23, 2011** and DOES 1*
*through 3.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **NOVEMBER 25, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **NOVEMBER 28, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 3, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 4, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 5, 2011** and DOES 1*
*through 3.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 6, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH*
*8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 7, 2011** and DOES 1*
*and 2.*

*Celestial, Inc. v. SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 8, 2011** and DOES 1 through 4.*

*Celestial, Inc. v. SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 13, 2011** and DOES 1 through 3.*

*Celestial, Inc. v. SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 15, 2011** and DOES 1 and 2.*